# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MICHELENE GLASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) No. 08-06108-CV-SJ-FJG | |
| KANSAS CITY AUTOMOTIVE CO. LTD. ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court are defendants' Motion for a More definite Statement (Doc. No. 3) and plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 8).

Plaintiff filed her complaint against defendant alleging that she was subjected to a hostile work environment, retaliation, and discrimination for filing a worker's compensation claim (Doc. No. 1). Defendant filed a motion for a more definite statement arguing that the complaint contained presumably unnecessary statutory references in the plaintiff's jurisdictional statement, and it did not identify the protected class or legal basis for her claims. Plaintiff then filed a motion for leave to file Amended Complaint (Doc. No. 8). Pursuant to Fed. R. Civ. P. 15(a)(1)(A), a plaintiff is automatically permitted to amend its pleading prior to its receipt of a responsive pleading. Therefore, given that no responsive pleading was filed, the Court **GRANTS** plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 8), and considers the proposed amended complaint attached to her motion to be properly filed with this Court. Accordingly, defendants' Motion for a More

definite Statement (Doc. No. 3) is **DENIED AS MOOT**.

On its own initiative, the Court may order a party to file a more definite statement of a pleading. Fikes v. City of Daphne, 79 F.3d 1079, 1083, n. 6 (11th Cir. 1996) (noting that the district court has the inherent authority to require a party to file a more definite statement). According to Fed. R. Civ. P. 12(e), a motion for a more definite statement is appropriate where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." In Dillon v. Brown County, Nebraska, No. 8:02CV108, 2003 WL 820570 (D. Neb. Mar. 3, 2003), the court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
> Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

Id. at *4 (internal citations and quotations omitted).

In the instant case, the Court finds that major ambiguities and omissions exist in plaintiff's Amended Complaint (Doc. No. 8, Ex. 1) that render it unanswerable. Specifically, the complaint cites to various statutes in its jurisdictional section, including the Missouri Human Rights Act, the Family and Medical Leave Act, the Civil Rights Act of 1964, the Equal Pay Act, and the Age Discrimination in Employment Act. Upon reviewing the complaint, it is unclear whether plaintiff wishes to assert causes of actions under all of these statutes, and based on the factual allegations, it seems unlikely that she is pursuing claims under most of these statutes. Also, in Count I of her complaint, plaintiff alleges that defendant unlawfully discriminated against her by creating a hostile work environment;

2

however, she does not allege the legal basis under which she is proceeding or identify the protected class of which she is a member.

Accordingly, plaintiff is **ORDERED** to remove any statutory references in its jurisdictional statement for which she does not intend to pursue a claim under. Further, plaintiff shall specify the legal basis, including a statutory reference if applicable, and the protected class that plaintiff is a member of for the claims in her complaint. Plaintiff shall file an amended pleading conforming to the Court's Order on or before **Monday, March 30, 2009**.

**IT IS SO ORDERED.**

Date: 3/19/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge