# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MICHELENE GLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 08-06108-CV-SJ-FJG |
| KANSAS CITY AUTOMOTIVE CO. LTD. | ) |
| PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 20) and plaintiff's Motion to File Suggestions in Opposition Out of Time (Doc. No. 22).

Defendant moves to dismiss plaintiff's Second Amended Complaint (Doc. No. 18) pursuant to Fed. R. Civ. P. 41(b) for non-compliance with the Court's Order dated April 20, 2009 (Doc. No. 17). Specifically, defendant takes issue with Count I of the complaint, which alleges that "[p]laintiff was wrongfully discriminated from her employment because of her health and disability that resulted in a claim for stress created on the job rendering her an employee with a disability." (Second Am. Compl. ¶ 21.) Defendant argues that plaintiff has failed to comply with the Court's Order because the Second Amended Complaint does not state the legal basis for her claim or identify the protected class of which plaintiff is a member for Count I. Furthermore, defendant contends that allowing the amendments in plaintiff's complaint would be futile given that they are barred by the applicable statute of limitations and do not relate back to the original complaint.

While the complaint is not as precise as it could be, plaintiff does assert that she was discriminated against by her employer due to her disability, and also states that her supervisor knew of her fibromyalgia. Further, plaintiff has cited to the Missouri Human Rights Act as well as the Americans with Disability Act in the jurisdictional basis of her complaint. The Court finds that plaintiff's Second Amended Complaint adequately puts defendant on notice of her claims. Also, given that the amendments arise out of the same facts and conduct as attempted to be set out in plaintiff's original complaint, plaintiff's claim for disability discrimination relates back to the original complaint and thus are not time barred. See Maegdlin v. Int'l Ass'n of Machinists and Aerospace Workers, 309 F.3d 1051, 1053 (8th Cir. 2002) (reaffirming that the court determines whether an amendment relates back by examining whether the "'facts well pleaded, not the theory of recovery or legal conclusions'" gives defendant notice of plaintiff's amended claim).

Accordingly, the Court **DENIES** defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 20). Further, the Court **GRANTS** plaintiff's Motion to File Suggestions in Opposition Out of Time (Doc. No. 22).

**IT IS SO ORDERED.**

Date: 06/08/09　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge